# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | 88K01144DI |
| v. | ) | |
| | ) | |
| **ROBERT L. HULL**, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted:  August 12, 2021
Decided:  October 27, 2021

**AND NOW TO WIT**, this 27th day of October 2021, the Court having duly considered the written submission from Robert L. Hull dated July 28, 2021, **IT APPEARS THAT**:

1.     In 1993, Defendant Robert  L. Hull (hereinafter  "Mr.  Hull")  was convicted by a Superior Court jury of Unlawful Sexual Intercourse in the First Degree and sentenced to life imprisonment. Mr. Hull appealed the judgment of conviction, which was affirmed on September 6, 1994.[1]

2.     On December 4, 1997, this Court denied a first motion for postconviction relief filed by Mr. Hull, and the Supreme Court affirmed. [2]

---

[1] *Hull v. State*, 650 A.2d 1306, 1994 WL 496472 at *1 (Del. 1994).

[2] Mr. Hull alleged "denial of a speedy trial, failure to confront witnesses, failure to testify on his own behalf, failure to subpoena witnesses, suppression of favorable evidence and ineffective assistance of counsel." *State v. Hull*, 1997 WL 819116, at *1 (Del. Super. Dec. 4, 1997), *aff'd*, 710 A.2d 218 (Del. 1998) (TABLE).

3.    On December 23, 2020,[3] this Court denied Mr. Hull's motion regarding "submission of evidence." The Court attempted to understand what Mr. Hull was asserting in his motion dated September 7, 2020,[4] but found the motion to be "largely incomprehensible," and the Court could ascertain "neither what allegations are being made nor what form of relief Mr. Hull is seeking."[5]

4.    On February 24, 2021,[6] the Court "summarily dismissed as procedurally barred" Mr. Hull's second motion for postconviction relief filed on January 22, 2021.[7]    In addition, the Court found this motion to be "incomprehensible."

5.    On March 29, 2021,[8] the Court sent Mr. Hull a notice of non-compliance stating that requests for action to the Court must be "in the form of a motion" and contain required "information . . . listed on the status sheet provided by the Department of Corrections."

6.    On April 28, 2021,[9] the Court found Mr. Hull's filing dated April 26, 2021,[10] to be "incomprehensible, thereby precluding the Court from ascertaining either the grounds of the motion or the relief requested."

---

[3] D.I. 75; *State v. Hull*, 2020 WL 7706998, at *2 (Del. Super. Dec. 23, 2020).

[4] D.I. 74.

[5] D.I. 75; *Hull*, 2020 WL 7706998, at *1 ("On October 15, 2020, Mr. Hull submitted the instant filing, a largely incomprehensible series of unclear and jumbled allegations, none of which make sense to the Court.").

[6] D.I. 77.

[7] D.I. 76.

[8] D.I. 78.

[9] D.I. 80.

[10] D.I. 79.

7. On May 18, 2021,[11] the Court found Mr. Hull's filing dated May 10, 2021,[12] to be "incomprehensible," thereby once again precluding the Court from ascertaining either the grounds of the motion or the relief requested.

8. On June 2, 2021,[13] the Court found Mr. Hull's filing dated June 1, 2021,[14] to be, once again, "incomprehensible."

9. On June 17, 2021,[15] the Court returned Mr. Hull's correspondence without consideration, deeming it a "repetitive motion for sentence reduction/modification."

10. On July 14, 2021,[16] the Court again returned Mr. Hull's correspondence without consideration, deeming it a "repetitive motion for sentence reduction/modification."

11. The submission currently before this Court (hereinafter the "Motion"), which was received by this Court on August 12, 2021,[17] is at least as incomprehensible as the prior submissions, if not more so. Of those statements the Court can make out in the Motion, some refer without explanation to "PHYSICAL HUMAN ANATOMY [sic]," and others reference, *e.g.*, again without explanation, an "EXTRATERRESTRIAL LIBRARY [sic]" and "HEINZ FIFTYSEVEN VERIETY [sic]."[18]

---

[11] D.I. 82.

[12] D.I. 81.

[13] D.I. 84.

[14] D.I. 83.

[15] D.I. 85.

[16] D.I. 86.

[17] D.I. 87.

[18] *Id.*

12.    In total, the Court has received nine written submissions from Mr. Hull in the past fourteen months.  On more than one occasion, Mr. Hull has sent his submissions to the President Judge of this Court, despite her making Mr. Hull aware that she does not make rulings regarding his matter.[19]  The Court has spent a significant amount of time answering these submissions and doing its best to ascribe meaning to the incomprehensible language that they contain, repeatedly denying Mr. Hull's submissions or rejecting them as improper.  Despite the Court's efforts to inform Mr. Hull of the proper procedures for filing a motion, Mr. Hull continues to file incomprehensible submissions with the Court that are not in the proper format for consideration and are repetitive in nature, thereby forcing the Court to expend valuable resources in addressing them.

13.    In *Kostyshyn v. State*,[20] the Delaware Supreme Court held that this Court "has the discretion to adopt orders constraining any future abuse of the litigation process by [a petitioner, *i.e.*, where such abuse has already occurred]."[21] In that matter, the petitioner had filed thirty-one motions with this Court "seeking a variety of forms of relief."[22]  A large portion of those motions were, similarly, "incomprehensible" to the Court.[23]

---

[19] Mr. Hull had previously sent his submission dated September 7, 2020, to the President Judge, and she informed Mr. Hull that she does not "review the case decisions of another Superior Court Judge."  She also indicated that she had forwarded the submission to the Resident Judge for Kent County.  The current Motion was once again sent to the President Judge before being forwarded to this judge.

[20] 124 A.3d 583, 2015 WL 5440194, at **1 (Del. Sept. 14, 2015) (TABLE).

[21] *Id.* at **1 n.*.

[22] *State v. Kostyshyn*, 2016 WL 3226322, at *1 (Del. Super. May 31, 2016).

[23] *Id.*  ("For example, Kostyshyn filed a Request for Dockets of All Cases, Request for Motion for All Docket Items and Evidentiary Hearing, Motion for Immediate Dismissal . . . .") (footnotes and internal quotations omitted).

4

14.     Here, as in *Kostyshyn*, not only are Mr. Hull's filings relentless, but the Court can determine neither what he is asserting, nor the type of relief he desires.

Mr. Hull's filings are legally frivolous and an abuse of judicial process. **WHEREFORE, IT IS HEREBY ORDERED THAT** Mr. Hull's Motion is **DENIED** and that Mr. Hull is enjoined from filing any future submissions concerning case no. 88K01144DI without first seeking leave of this Court.

**IT IS SO ORDERED.**

/s/Noel Eason Primos
Judge

NEP/wjs
Enclosure
oc:    Prothonotary
cc:    Robert L. Hull, JTVCC